IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP - 7 2011

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 11-1373(BAH) |
| v. | ) | |
| | ) | |
| | ) | |
| CATERPILLAR INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CONSENT DECREE

WHEREAS Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action concurrently with this Consent Decree alleging that Defendant Caterpillar Inc. ("Caterpillar"), violated Sections 203(a)(1), 203(a)(4), 208(a) and 213(d) of the Clean Air Act ("Act"), 42 U.S.C. §§ 7522(a)(1), 7542(a) and 7547(d) and the regulations promulgated thereunder at 40 C.F.R. Parts 85, 86 and 89.

WHEREAS the Complaint alleges that Caterpillar sold, offered for sale, or introduced or delivered for introduction into commerce new motor vehicle and non-road engines that did not conform to the design specifications in its applications for certificates of conformity in that Caterpillar did not include in the same shipment with the engines the after treatment device ("catalyst") specified in its applications for certificates of conformity and/or in that the engines did not conform to the fuel injector and fuel map settings specified in Caterpillar's applications for certificates of conformity.

WHEREAS the Complaint alleges that Caterpillar did not submit emissions defect information reports within 15 business days of discovering that defects affected 25 engines of a given model and model year.

WHEREAS the Complaint alleges that Caterpillar sold, or caused the sale of non-road engines without an affixed emission information label.

WHEREAS Caterpillar denies the violations alleged in the Complaint and does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

**United States v. Caterpillar Consent Decree Page 2.**

WHEREAS the California Air Resources Board ("CARB") alleges substantially as above with regard to said engines entering commerce in California and is simultaneously settling its claims in an administrative settlement.

WHEREAS the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 203, 204 and 205 of the Act, 42 U.S.C. §§ 7522, 7523, and 7524, and over the Parties. Venue lies in this District pursuant to Sections 204 and 205 of the Act, 42 U.S.C. §§ 7523 and 7524 because the Administrator has her principal place of business here. For purposes of this action and this Consent Decree, Caterpillar does not contest the Court's jurisdiction or that venue is proper in this district.

II. APPLICABILITY

2. This Consent Decree applies to, and is binding upon, the United States and upon Caterpillar, its successors, and assigns, and any other entities or persons otherwise bound by law. No transfer or change in ownership, or change of corporate or other legal status of, or by, Caterpillar, including but not limited to the sale of Caterpillar or transfer of any of its assets or real or personal property, shall relieve the responsibilities of Caterpillar, its successors or assigns under this Consent Decree.

**United States v. Caterpillar Consent Decree Page 3.**

3.      Caterpillar shall provide a copy of this Consent Decree to all officers, directors, employees, agents, contractors, or any other entities or persons bound by law whose duties might reasonably include compliance with any provisions of this Consent Decree.

4.      In any action to enforce this Consent Decree, Caterpillar shall not raise as a defense the failure by any of its officers, directors, employees, agents, contractors, or any other entities or persons otherwise bound by law, to take any actions necessary to comply with the provisions of this Consent Decree.

## III.  DEFINITIONS

5.      Terms used in this Consent decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.      "Certificate of Conformity" shall mean the document issued by EPA for a motor vehicle engine or a non-road engine under Sections 206 and 213 of the Clean Air Act, respectively, 42 U.S.C. §§ 7525 and 7547, to indicate that an engine conforms to the requirements thereof, and regulations issued thereunder.

b.      "Complaint" shall mean the complaint filed by the United States in this action;

c.      "Consent Decree" or "Decree" shall mean this Consent Decree;

d.      "CARB" shall mean the California Air Resources Board;

e.      "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall

**United States v. Caterpillar Consent Decree Page 4.**

on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

    f.  Date of Lodging shall mean the day that this Consent Decree is lodged with the Court for public comment as provided by Section XVIII;

    h.  "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

    I.  "Effective Date" shall have the definition provided in Section XIV;

    j.  "Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

    k.  "Parties" shall mean the United States and Caterpillar;

    l.  "Section" shall mean a portion of this Decree identified by a roman numeral; and

    m.  "United States" shall mean the United States of America, acting on behalf of EPA.

## IV. CIVIL PENALTY

6.  Caterpillar shall pay a total penalty of $2,550,000.00 to the United States and CARB with regard to the conduct at issue in Complaint. Of this total, Caterpillar shall pay $2,040,000.00 to the United States within 30 Days after the Effective Date of this Consent Decree plus Interest from the Date of Lodging at the rate specified in 28 U.S.C. § 1961 as of the Date of Lodging. Caterpillar shall pay the remaining $510,000.00 to CARB in accordance with the terms and conditions of the separate settlement agreement with CARB.

7.  Caterpillar shall pay the civil penalty to the United States by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written

**United States v. Caterpillar Consent Decree Page 5.**

instructions to be provided to Caterpillar, following lodging of the Consent Decree, by the

Financial Litigation Unit of the U.S. Attorney's Office for the District of Columbia, 555 Fourth

Street, N.W., Washington, D.C. (202) 514-7211.  Any EFT received at the DOJ lockbox bank

after 11:00 a.m. Eastern Time will be credited the next business day.  At the time of payment,

Caterpillar shall send a copy of the EFT authorization form and the EFT transaction record,

together with a transmittal letter, which shall state that the payment is for the civil penalty owed

pursuant to the Consent Decree in United States v. Caterpillar Inc., and shall reference the civil

action number and DOJ case number 90-5-2-1-09846, to the United States in accordance with

Section XIII of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and by

mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio  45268

8.      Caterpillar shall not deduct any penalties paid under this Decree pursuant to this

Section or Section VII (Stipulated Penalties) in calculating its federal income tax.

## V.  COMPLIANCE REQUIREMENTS

9.      Recall of Engines Equipped with Incorrect Catalyst and/or Fuel Injector or Fuel

Map Settings.  Caterpillar commenced the required recalls for engines equipped with incorrect

catalyst or incorrect fuel injector or fuel map settings between August 15, 2002 and April 23,

2005.  Caterpillar shall reopen (if necessary) and continue the recalls until all such engines have

been retrofitted or until December, 31, 2011, whichever date is earlier and during this time

Caterpillar shall continue to make available the correct catalyst and/or fuel injector or fuel map

settings and shall pay for parts and labor used or expended by the person who implements any

replacement.

**United States v. Caterpillar Consent Decree Page 6.**

10.     Caterpillar has previously provided records regarding the implementation of the recall to EPA.  Caterpillar shall continue to maintain records to enable EPA to monitor the implementation of the recall, including, but not limited to:  the quarterly and cumulative number of engines that have had the catalyst replaced and copies of warranty claim reports for the recall. Caterpillar shall promptly provide these records to EPA upon request.

11.     Recoupment of Excess Emissions.

a.     As mitigation to the United States and California through CARB for the excess pollution generated by the installation of the improper catalysts and/or incorrect fuel injector or fuel map settings within 30 Days of the Effective Date of this Consent Decree, Caterpillar shall retire 17.6 tons (16.0 Mg ) of nitrogen oxides ($NO_x$) plus non-methane hydrocarbons (NMHC) and 0.97 tons (0.88 Mg) of particulate matter (PM) (collectively the "credits").  Caterpillar shall permanently retire any credits designated and/or purchased for this purpose and Caterpillar shall not use such credits for any additional purpose.

b.     The credits shall come only from one or more of the following sources: (1) Caterpillar's on-road Averaging, Banking and Trading (AB&T) accounts; (2) Caterpillar's off-road AB&T accounts; or (3) currently valid stationary source $NO_x$ or PM credits purchased on the open market through a licensed broker.

c.     Within 60 Days of the Effective Date of this Consent Decree, Caterpillar shall provide written evidence of its compliance with this Paragraph by sending a Notice in compliance with Section XIII of this Consent Decree (Notices).

12.     Shipment of Engines without Catalyst or Other Emission Control Device. Caterpillar shall not sell, offer for sale, introduce or deliver for introduction into commerce new motor vehicle or non-road engines without the catalyst or other emission control device specified

**United States v. Caterpillar Consent Decree Page 7.**

in the application for certificate of conformity, except as provided by EPA's delegated assembly regulations, 40 C.F.R. §§ 85.1713, 1068.260, 1068.261, or any other applicable law or regulation.

13.     Defect Investigation and Reporting.  Caterpillar shall commence an investigation into possible emission-related defects for any Model Year 2006 or later engines certified by Caterpillar under 40 C.F.R. Parts 89 and 94 when the number of engines with a suspected emission-related defect equals or exceeds the thresholds set forth at 40 C.F.R. § 1068.501(e). Caterpillar shall determine the number of engines with a suspected emission-related defect by counting warranty claims, information from quality assurance procedures, or any other information for which good engineering judgment may indicate that an emission-related component or system may be defective, using the process set forth in § 1068.501(b). The requirement to review warranty claims or any other information pertains only to information received by Caterpillar after November 1, 2011, or the Effective Date, whichever is later (hereafter the "Monitoring Date").  Once a threshold set forth in 40 C.F.R. § 1068.501(e) is reached based on information received by Caterpillar after the Monitoring Date, Caterpillar shall conduct the defect investigation in accordance with 40 C.F.R. Part 1068 Subpart F, and include an evaluation of warranty claims or information received by Caterpillar before or after the Effective Date and regardless of when an engine was introduced into commerce.  Caterpillar's investigation shall consider possible defects that occur only within the useful life period, or within five years after the end of the model year, whichever is longer.  Only defects reported

**United States v. Caterpillar Consent Decree Page 8.**

under this Paragraph 13 are subject to the Reporting Requirements in Section VI.

## VI.  REPORTING REQUIREMENTS

14.     All reports shall be submitted to the persons designated in Section XIII of this

Consent Decree (Notices).

15.     Each report submitted by Caterpillar under this Section shall be signed by an

official of the submitting party and include the following certification:

> I certify under penalty of law that this document and all
> attachments were prepared under my direction or supervision in
> accordance with a system designed to assure that qualified
> personnel properly gather and evaluate the information submitted.
> Based on my inquiry of the person or persons who manage the
> system, or those persons directly responsible for gathering the
> information, the information submitted is, to the best of my
> knowledge and belief, true, accurate, and complete.  I am aware
> that there are significant penalties for submitting false information,
> including the possibility of fine and imprisonment for knowing
> violations.

This certification requirement does not apply to emergency or similar notifications where

compliance would be impractical.

16.     The reporting requirements of this Consent Decree do not relieve Caterpillar of

any reporting obligations required by the Act or implementing regulations, or by any other

federal, state, or local law, regulation, permit, or other requirement.

17.     Any information provided pursuant to this Consent Decree may be used by the

United States in any proceeding to enforce the provisions of this Consent Decree and as

otherwise permitted by law.

**United States v. Caterpillar Consent Decree Page 9.**

VII. <u>STIPULATED PENALTIES</u>

18.     Caterpillar shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure).

19.     If Caterpillar fails to pay the civil penalty required to be paid to the United States by the deadline in Paragraph 6, Caterpillar shall pay both interest at the rate specified in 28 U.S.C. § 1961 and a stipulated penalty of $1000.00 per Day for each Day that the payment is late.

20.     If Caterpillar fails to retire the required number of credits of $NO_x$ + NMHC or PM by the deadline set forth in Paragraph 11, it shall pay to the United States a stipulated penalty of $500.00 per day for each day the credits are not retired.

21.     If Caterpillar fails to maintain the recall for the time period specified in Paragraph 9, it shall pay a stipulated penalty of $500.00 per day for each day the recall is not in effect.

22.     For each shipment of an engine without the catalyst or other emission control device in violation of Paragraph 12, or sale of any engine with an emission control device that does not conform to the design specified in the application for certificate of conformity applicable to that engine, Caterpillar shall pay a stipulated penalty of $800 per device per engine.

23.     For each day Caterpillar fails to comply with Paragraph 13 defect and investigation reporting requirements, including failure to timely file an EDIR or to timely initiate a defect investigation: for each violation: 1st thru 10th day - $500 per day; 11th thru 30th day - $750 per day, and after 30th day - $1000 per day.

**United States v. Caterpillar Consent Decree Page 10.**

24.     Stipulated penalties under Paragraphs 18-21, and 23 shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

25.     Caterpillar shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

26.     The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

27.     Stipulated penalties shall continue to accrue as provided in Paragraph 24, during any Dispute Resolution, but need not be paid until the following:

        a.      If the dispute is resolved by agreement of the Parties or by a decision of the United States that is not appealed to the Court, Caterpillar shall pay accrued penalties determined to be due, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of the United States' decision or order.

        b.      If the dispute is appealed to the Court and the United States prevails in whole or in part, Caterpillar shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

        c.      If any Party appeals the District Court's decision and the United States prevails in whole or in part, Caterpillar shall pay all accrued penalties determined to be due, together with interest, within 15 Days of receiving the final appellate court decision.

**United States v. Caterpillar Consent Decree Page 11.**

28.     Caterpillar shall pay stipulated penalties due to the United States in the manner set forth in and with the confirmation notices required by Paragraph 7, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

29.     If Caterpillar fails to pay stipulated penalties according to the terms of this Consent Decree, Caterpillar shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Caterpillar's failure to pay any stipulated penalties.

30.     Subject to the provisions of Section XI of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Caterpillar's violation of this Consent Decree or applicable law including the United States' right to recoup excess emissions caused by any violation of this Consent Decree.   Where a violation of this Consent Decree is also a violation of the Act, Caterpillar shall be allowed a credit for any stipulated penalties paid, against any statutory penalties imposed for such violation.

## VIII.  FORCE MAJEURE

31.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Caterpillar, of any entity controlled by Caterpillar, or of Caterpillar's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Caterpillar's best efforts to fulfill the obligation.  The requirement that Caterpillar exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate

**United States v. Caterpillar Consent Decree Page 12.**

any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible. "Force Majeure" does not include Caterpillar's financial inability to perform any obligation under this Consent Decree.

32.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Caterpillar shall provide a notice within fifteen Days in writing to the United States that includes an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Caterpillar's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Caterpillar, such event may cause or contribute to an endangerment to public health, welfare or the environment. Caterpillar shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Caterpillar from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Caterpillar shall be deemed to know of any circumstance of which Caterpillar or Caterpillar's contractors knew or should have known.

33.     If the United States agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event shall be extended by the United States for such time as is

**United States v. Caterpillar Consent Decree Page 13.**

necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  The United States shall notify Caterpillar in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

34.     If the United States does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, the United States shall notify Caterpillar in writing of its decision.

35.     If Caterpillar elects to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution) with regard to a force majeure, it shall do so no later than 15 Days after receipt of the United States' notice.  In any such proceeding, Caterpillar shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Caterpillar complied with the requirements of Paragraphs 31 and 32, above.  If Caterpillar carries this burden, the delay at issue shall be deemed not to be a violation by Caterpillar of the affected obligation of this Consent Decree identified to the United States and the Court.

## IX.  DISPUTE RESOLUTION

36.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Caterpillar's failure to seek resolution of a

**United States v. Caterpillar Consent Decree Page 14.**

dispute under this Section shall preclude Caterpillar from raising any such issue as a defense to an action by the United States to enforce any obligation of Caterpillar arising under this Decree.

37.    Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Caterpillar sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 10 Days after the conclusion of the informal negotiation period, Caterpillar invokes formal dispute resolution procedures as set forth below.

38.    Formal Dispute Resolution.  Caterpillar shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Caterpillar's position and any supporting documentation relied upon by Caterpillar.

39.    The United States shall serve its Statement of Position within 30 Days of receipt of Caterpillar's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position shall be binding on Caterpillar, unless Caterpillar files a motion for judicial review of the dispute in accordance with the following Paragraph.

**United States v. Caterpillar Consent Decree Page 15.**

40.     Caterpillar may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIII of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within 30 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of Caterpillar's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.  The motion may not raise any argument or matter not addressed by Caterpillar in its Statement of Position under Paragraph 38.

41.     The United States shall respond to Caterpillar's motion within the time period allowed by the Local Rules of this Court.  Caterpillar may file a reply memorandum, to the extent permitted by the Local Rules.

42.     Standard of Review.  Caterpillar shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

43.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Caterpillar under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 28.  If Caterpillar does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

**United States v. Caterpillar Consent Decree Page 16.**

## X. INFORMATION COLLECTION AND RETENTION

44.     Until three years after the termination of this Consent Decree, Caterpillar shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Caterpillar's performance of its obligations under this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Caterpillar shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

45.     Upon request by the United States, Caterpillar shall deliver any such documents, records, or other information to EPA.  Caterpillar may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Caterpillar asserts such a privilege, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Caterpillar.  However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

**United States v. Caterpillar Consent Decree Page 17.**

46.     Caterpillar may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Caterpillar seeks to protect as CBI, Caterpillar shall follow the procedures set forth in 40 C.F.R. Part 2.

47.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Caterpillar to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

### XI.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

48.     This Consent Decree fully resolves the civil claims of the United States against Caterpillar for the violations alleged in the Complaint filed in this action.

49.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated in Paragraph 48.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 48.

50.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Caterpillar is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Caterpillar's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.

**United States v. Caterpillar Consent Decree Page 18.**

The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Caterpillar's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act or with any other provisions of federal, State, or local laws, regulations, or permits.

51.     This Consent Decree does not limit or affect the rights of Caterpillar or of the United States against any third parties not party to this Consent Decree nor does it limit the rights of third parties not party to this Consent Decree against Caterpillar, except as otherwise provided by law.

52.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XII. COSTS

53.     The Parties shall bear their own costs of this action, including attorneys' fees, except that should this Court subsequently determine that Caterpillar violated the terms or conditions of this Consent Decree, then Caterpillar shall be liable to the United States for any costs and attorneys' fees that the United States incurs in any action or proceeding to enforce this Consent Decree, including, but not limited to, a proceeding to collect any unpaid balance of the civil penalty specified in Section IV or any unpaid balance of a stipulated penalty or interest to be paid in accordance with Section VII.

## XIII. NOTICES

54.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

**United States v. Caterpillar Consent Decree Page 19.**

<u>To the United States</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611
Re: DOJ No. 90-5-3-2-09846

<u>To EPA</u>:

Christopher Thompson
U.S. Environmental Protection Agency
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and
 Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Director
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and
 Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

<u>To Caterpillar</u>:

Mark Rein – Emissions Conformances & Systems Manager
Caterpillar Inc.
FAC 40, MOS 11
P.O. Box 600
Mossville, IL 61552

and

Eric A. Braun
Senior Corporate Counsel

**United States v. Caterpillar Consent Decree Page 20.**

Caterpillar Inc.
100 N.E. Adams Street
Peoria, IL 61629

55.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

56.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing (if sent by overnight express) or faxing unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIV. EFFECTIVE DATE

57.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court as recorded on the Court's docket.

## XV. RETENTION OF JURISDICTION

58.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections IX and XVI, or effectuating or enforcing compliance with the terms of this Decree.

## XVI. MODIFICATION

59.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

60.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX of this Decree (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 42, the Party seeking the modification bears the burden of

**United States v. Caterpillar Consent Decree Page 21.**

demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII.  TERMINATION

61.   a.   After Caterpillar has complied with all requirements of this Consent Decree for five years, and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Caterpillar may serve upon the United States a Request for Termination, stating that it has satisfied those requirements, together with all necessary supporting documentation.

b.   Following receipt by the United States of Caterpillar's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Caterpillar has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint motion terminating the Decree.

c.   If the United States does not agree that the Decree may be terminated, Caterpillar may invoke Dispute Resolution under Section IX of this Decree.  However, Caterpillar shall not seek Dispute Resolution of any dispute regarding termination, under Paragraph 38 of Section IX, until 45 Days after service of its Request for Termination.

## XVIII.  PUBLIC PARTICIPATION

62.   This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent

**United States v. Caterpillar Consent Decree Page 22.**

Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Caterpillar consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Caterpillar in writing that it no longer supports entry of the Decree.

## XIX.  SIGNATORIES/SERVICE

63.     The undersigned representative of Caterpillar and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

64.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Caterpillar agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX.  INTEGRATION

65.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supercedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

**United States v. Caterpillar Consent Decree Page 23.**

## XXI.  FINAL JUDGMENT

66.     Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to the United States and Caterpillar.


Dated and entered this *7th* day of *September*, 2011.


UNITED STATES DISTRICT JUDGE
District of Columbia


**United States v. Caterpillar Consent Decree Page 24.**

FOR PLAINTIFF UNITED STATES OF AMERICA:

Dated: 7/22/4

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C. 20530

ELIZABETH L. LOEB
Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044

**United States v. Caterpillar Consent Decree Page 25.**

FOR PLAINTIFF UNITED STATES OF AMERICA (continued):

Date: 7/15/11

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC  20460

Date: 7/7/11

ADAM M. KUSHNER
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC  20460

Date: 6/27/11

PHILLIP A. BROOKS
Director, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC  20460

Date: 6/6/2011

CHRISTOPHER A. THOMPSON
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC  20460

**United States v. Caterpillar Consent Decree Page 26.**

FOR DEFENDANT Caterpillar Inc.:

Dated: *July 12, 2011*

GARY A. STROUP
Vice President
Caterpillar Inc.
100 N.E. Adams St.
Peoria, IL 61629

**United States v. Caterpillar Consent Decree Page 27.**